# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-1801                              **Caption [use short title]**

**Motion for:** consolidation, placement on XAC and leave to file oversized brief

Set forth below precise, complete statement of relief sought:

Pursuant to Fed. R. App. P. 3(b)(2), Appellants respectfully requested the Court (1) consolidate this case - New Yorkers For Religious Liberty, Inc. et al. v. The City of New York, et al. No. 22-1801 and Kane, et al., v. de Blasio, et al., No. 22-1876; (2) place the consolidated case on the expedited appeals calendar; and (3) grant Appellants leave to file oversized brief not to exceed 24,500 words.

New Yorkers For Religious Liberty, Inc., et al

v.

The City of New York, et al.

**MOVING PARTY:** New Yorkers For Religious Liberty, Inc. et al.   **OPPOSING PARTY:** The City of New York et al.

☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Barry Black   **OPPOSING ATTORNEY:** Susan Paulson

[name of attorney, with firm, address, phone number and e-mail]

Nelson Madden Black LLP                             Corpororation Counsel for the City of New York
475 Park Ave. S., Suite 2800, New York, NY 10016    100 Church Street, New York, NY 10007
212-382-4300, bblack@nelsonmaddenblack.com          212-356-0821, spaulson@law.nyc.gov

**Court- Judge/ Agency appealed from:** USDC EDNY - Hon. Diane Gujarati

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)
Has argument date of appeal been set?   ☐ Yes  ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Barry Black   **Date:** 09/09/2022   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

---

**Form T-1080** (rev.12-13)

| | |
|---|---|
| GIBSON LAW FIRM, PLLC | NELSON MADDEN BLACK LLP |
| Sujata S. Gibson, Esq. | Barry Black, Esq. |
| 832 Hanshaw Rd., Suite A | 475 Park Ave. S., Suite 2800 |
| Ithaca, NY 14850 | New York, NY 10016 |
| (607) 327-4125 | (212) 382-4300 |

ALLIANCE DEFENDING FREEDOM
John J. Bursch, Esq.
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235

September 9, 2022

<u>VIA CM/ECF</u>
Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

  Re: Consolidation with *Kane, et al. v. de Blasio*

Pursuant to Fed. R. App. P. 3(b)(2), Appellants respectfully request that the Court (1) consolidate this case—*New Yorkers For Religious Liberty, Inc. et al.* v. *The City of New York, et al.,* No. 22-1801 ("*NYFRL*")—and *Kane, et al. v. de Blasio, et al.*, No. 22-1876 ("*Kane*"); (2) place the consolidated case on the expedited appeals calendar; and (3) grant Appellants leave to file an oversized brief not to exceed 24,500 words.

  **1. Consolidation**

The issues that *NYFRL* and *Kane* raise and seek to brief on appeal are largely identical. Both matters challenge the denial of a motion to preliminarily enjoin the enforcement of a New York City Covid-19 vaccine mandate against religious objectors. *Kane* Appellants also appeal the dismissal of their claims.[1] The primary underlying issues, including (1) whether New York City's vaccine mandates violated the Free Exercise Clause because they are neither neutral nor generally

---

[1] The City in that case conceded that the *Kane* plaintiffs' preliminary injunction motion asked the district court to "review the very claims that are subject to dismissal through Defendants' pending motion" to dismiss and therefore agreed to have the court decide both motions in tandem—which the court did. [*Kane* SDNY ECF No. 153]

1

applicable, (2) whether the mandates violate the Establishment Clause, and (3) whether there is irreparable harm, are common to both *NYFRL* and *Kane*.

Since both appeals present largely the same legal questions, consolidating them for briefing and argument would spare the parties needless duplication of effort and unnecessary expense, while helping to streamline and crystallize the legal questions for the Court.[2]

### 2. Expedited Calendar

*Kane* involves the dismissal of a case under Fed. R. Civ. P. 12(b)(6) and is automatically entitled to be placed on the XAC calendar. *NYFRL* and *Kane* also involve appeals from requests for preliminary injunctive relief, which by their nature are time-sensitive and require urgent relief. Appellants respectfully therefore move for placement on the expedited calendar and expedited argument.

### 3. Motion to file Oversized Brief

Both cases independently would likely require a motion to file an oversized brief. There are twenty-one plaintiffs in *Kane* and thirteen plaintiffs in *NYFRL,* each with unique individual circumstances. To adequately capture the relevant facts and circumstances and discuss their application to the legal issues common to all claims, Appellants respectfully request leave to file a brief containing up to 24,500 words.

We have reached out to Appellees, but they have yet to let us know whether they consent to this application.

Respectfully submitted,

/s/ Sujata S. Gibson
Counsel for Appellants

/s/ Barry Black
Counsel for Appellants

/s/ John J. Bursch
Counsel for Appellants


cc: Counsel of Record (via ECF)

---

[2] Indeed, this Court previously consolidated *Keil v. City of New York* [21-3043 ECF No. 85] with *Kane*.