

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

SUSAN PAULSON
(212) 356-0821
spaulson@law.nyc.gov

February 7, 2023

Hon. Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *New Yorkers for Religious Liberty, Inc. v. City of New York*, No. 22-1801

To the Hon. Clerk of the Court:

Defendants-appellees write in response to the Court's order directing the parties to address which issues in these actions have been mooted, and which subsist, in light of the City of New York's recent announcement that COVID-19 vaccination will be optional, rather than required, for current and prospective employees of the City and its Department of Education (DOE) beginning this Friday, February 10, 2023 (*see* ECF No. 168).

To be clear at the outset, the City's change in its approach to employee vaccination contemplates formal actions by the Mayor and the Board of Health. Those actions are yet to occur as of the date of this filing, but are expected to be completed on or before this Friday, February 10—the anticipated effective date of the change.

In the remainder of this letter, we address the impact the change will have on the issues in this litigation. To be sure, the change will not eliminate all live issues. Plaintiffs will be free to apply for new positions, but they will not automatically be reinstated to their prior positions with backpay. In that regard, their claims remain live. But their claims will be moot in at least two significant respects.

First, once vaccination becomes optional for current and new employees, plaintiffs will have obtained one-half of the relief sought from this Court. In their open-

ing brief, plaintiffs' alternative request for relief was to "free them to be employed somewhere—*anywhere*—in New York City" regardless of their vaccination status (Brief for Plaintiffs-Appellants ("App. Br.") 98 (emphasis in original)). Plaintiffs' contention that have been unable to find employment in the five boroughs was always misguided (*see* Br. for Appellees 30-32), and it was on its last legs when the City lifted the private-sector vaccination requirement three months ago (*see id.* at 5 n.2 & 39). The argument is now in ruins, as plaintiffs will soon be free to apply to private and municipal jobs regardless of their vaccination status. And considering that plaintiffs will effectively obtain some form of the relief sought, they now face the burden of establishing that the law and equities demand even more.

Second, even setting to one side that this Court has already closed the door on plaintiffs' facial challenge, *see Kane v. de Blasio*, 19 F.4th 152, 164-65 (2d Cir. 2021), any request for declaratory or injunctive relief grounded in such a challenge will be moot as well. *See Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (when "there is no longer any state order for the court to declare unconstitutional or to enjoin," then "[i]t could not be clearer that this case is moot"); *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021) ("with the offending [rule] wiped away, there is nothing harming" the plaintiff). Nor can plaintiffs credibly invoke the voluntary cessation exception. They have repeatedly sought relief from this Court and the Supreme Court, and the City has consistently responded by litigating the issues. It is hard to imagine better proof that the change in course is "unrelated to the litigation."15 Moore's Federal Practice Civil § 101.99(2)(a) (2022) (collecting cases).

The facts bear out that the discontinuance of the employee vaccination requirement is due to changed circumstances, not this litigation. For example, more than 96% of the City's workforce and more than 80% of all New Yorkers have been vaccinated, and more tools are available to counter the virus than ever before. This Court and others have recognized that changes in pandemic-related measures like this are not subject to the voluntary cessation exception. *See, e.g.*, *Geller v. Hochul*, No. 21-2514, 2023 U.S. App. LEXIS 1077, at *2-3 (2d Cir. Jan. 18, 2023) (summary order) (holding challenge to pandemic-related restrictions on public gatherings moot as restrictions had been lifted); *Weisshaus v. Hochul*, No. 21-64, 2022 U.S. App. LEXIS 32794, at *2-4 (2d Cir. Nov. 29, 2022) (same, as to pandemic-related traveling requirements).[1] The mere possibility that the City could someday adopt other

---

[1] *See also Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9-12 (1st Cir. 2021); *County of Butler v. Governor of Pa.*, 8 F.4th 226, 230 (3d Cir. 2021); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020); *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162-64 (4th Cir. 2021); *Hawse v. Page*, 7 F.4th 685, 692 (8th Cir. 2021); *Brach v. Newsom*, 38 F.4th 6, 12-15 (9th Cir. 2022);

- 2 -

- 3 -

hypothetical vaccination requirements in the face of different threats does not create a live controversy. *See Boston Bit Labs*, 11 F.4th at 10 (noting that the government's continued power to regulate "cannot itself be enough to skirt mootness, because then no suit against the government would ever be moot").

The more crucial insight may be that the discontinuance of the employee vaccination requirement puts an even finer point on how plaintiffs remedies, if any, lie in the traditional retrospective relief common to employment disputes—like backpay—not the extraordinary relief of a preliminary injunction. *See Savage v. Gorski*, 850 F.2d 67-68 (2d Cir. 1988). After all, most of the plaintiffs terminated for noncompliance with the vaccination requirement have not been employed by the City for nearly a year; even the most recent departure occurred roughly five months ago. And plaintiffs' "coercion" theory—meritless to begin with—has only become more suspect now that plaintiffs will be free to apply to any job regardless of their vaccination status and now that we know for a fact that plaintiffs' speculation about hypothetical offers of reinstatement conditioned on getting vaccinated had no basis whatsoever (*see* App. Br. 18-19, 96).

The simple fact is that the employee vaccination requirement was enforced against plaintiffs long ago. Now all that remains are past employment disputes, which are best addressed within the framework of the state and local discrimination claims that the district court declined to exercise supplemental jurisdiction over (*see* Special Appendix 40-41, 52-53), and that plaintiffs are free to pursue in state court.

Respectfully submitted,

/s/

Susan Paulson
Assistant Corporation Counsel

cc:　Counsel of record (via ECF)