

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**SUSAN PAULSON**
Phone: (212) 356-0821
Fax: (212) 356-2509
Email: spaulson@law.nyc.gov

February 17, 2023

Hon. Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re: *New Yorkers for Religious Liberty, Inc. v. The City of New York*, No. 22-1801

To the Hon. Clerk of the Court:

Defendants-appellees request permission to briefly respond to new and inaccurate assertions in plaintiffs-appellants' recent letters (ECF Nos. 185, 187).

- Plaintiffs bizarrely claim "there still is a vaccination mandate" (ECF No. 187 (cleaned up)). To be sure, the Board of Health hasn't affirmatively prohibited vaccination measures, but that's a red herring. The City has been clear that current and prospective employees aren't required to be vaccinated (ECF No. 181). It's mystifying that plaintiffs want to pretend otherwise, after monthslong complaints that the City lifted other vaccination requirements but not these.

- Plaintiffs' posture is odder still where they claimed earlier this week that the City's orders were calculated to moot this case (ECF No. 185)—even though we never argued it did so. Now they say the orders were calculated to affect a *different* case (ECF No. 187). The inconsistencies speak volumes.

- Plaintiffs are also misleading about the scope of discretionary reinstatement (ECF No. 185):

    o Plaintiffs hype that discretionary reinstatement isn't available to anyone terminated before February 11, 2022, but that is a null set, because no terminations for vaccination non-compliance preceded that date.

- o Plaintiffs note that discretionary reinstatement isn't available to someone who resigned or retired and waived a right to seek reinstatement, but no plaintiffs fall into that category either. The one plaintiff who retired (Fogarty) did not sign such a waiver.

- o Plaintiffs are correct that discretionary reinstatement requires waiver of back-pay and certain procedural rights (not substantive rights like seniority) but ignore that the waiver is required by longstanding personnel rules. In any case, discretionary reinstatement is not conditioned on getting vaccinated, so while it may present a difficult choice between seeking immediate reinstatement and preserving claims, it implicates no First Amendment issue.

- The *Kane-Keil* plaintiffs now renounce any challenge to the dismissal without prejudice of their state-law statutory discrimination claims (ECF No. 187), a departure from their opening brief (ECF No. 144 at 52 n.5). Having not brought Title VII claims, that concession renders irrelevant their arguments that any single-plaintiff claims should be reinstated for failure to comply with "statutory standards" (*id.* at 57-98).

Respectfully submitted,

/s/

Susan Paulson
Assistant Corporation Counsel

cc: Counsel of record (via ECF)