

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

SUSAN PAULSON
*Assistant Corporation Counsel*
Phone: 212-356-0821
spaulson@law.nyc.gov

September 8, 2023

Clerk of the Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

Re:   *New Yorkers for Religious Liberty, Inc. v. City of New York*, No. 22-1801

To the Hon. Clerk of the Court:

This Court (Jacobs, Lee, Pérez, C.JJ.) heard argument in these appeals on February 8, 2023. As previously reported (ECF No. 183), three days after argument, 16 of the plaintiffs in the *Kane/Keil* appeals commenced a parallel state-court litigation alleging that they were improperly denied religious accommodations from the COVID-19 vaccination requirement.

Pursuant to Rule 28(j), defendants-appellees write to inform the Court that, on September 6, 2023, the state court issued a decision and order in which it rejected various claims on the merits but granted relief under Article 78 of the Civil Practice Law and Rules.

In particular, the state court dismissed claims under the New York City Human Rights Law and the New York State Human Rights Law—claims that the plaintiffs also asserted in this federal action until they abandoned them (ECF No. 187)—and the Equal Protection Clause of the New York State Constitution. At the same time, the court concluded that the determinations denying religious accommodations to 10 of the *Kane/Keil* plaintiffs were arbitrary and capricious under Article 78 and ordered

that those plaintiffs be reinstated with backpay and other retrospective relief.[1] *See* Exhibit A (Decision & Order) at 22.

The state court's ruling may impact this litigation in different ways. For example, the state court's ruling requiring 10 plaintiffs' reinstatement with retrospective relief may moot any request for such relief here. But if the municipal parties notice an appeal, that aspect of the ruling will be automatically stayed pending appeal. *See* N.Y. CPLR 5019(a)(1).

Because the impact of the state court ruling depends, in part, on whether the parties notice an appeal, the impact of the ruling on this litigation may be better addressed after the time to notice an appeal has elapsed.

Respectfully submitted,

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*
*of the City of New York*

By: _____/s/_____
Susan Paulson
Assistant Corporation Counsel

cc:    Counsel of record (via ECF)

---

[1] Those 10 plaintiffs are: Stephanie DiCapua, Michael Kane, Margaret Chu, Heather Clark, Sasha Delgado, Robert Gladding, Nwakaego Nwaifejokwu, Ingrid Romero, Trinidad Smith, and Dennis Strk.

# Exhibit A

Case 22-1801, Document 204, 09/11/2023, 3566677, Page4 of 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

STEPHANIE DICAPUA, MICHAEL KANE,
WILLIAM CASTRO, MARGARET CHU,
HEATHER CLARK, SASHA DELGADO,
JOAN GIAMMARINO, ROBERT
GLADDING, CAROLYN GRIMANDO,
BENEDICT LOPARRINO, NWAKAEGO
NWAIFEJOKWU, INGRID ROMERO,
TRINIDAD SMITH, NATASHA SOLON,
AMARYLLIS RUIZ-TORO, DENNIS STRK,
and TEACHERS FOR CHOICE, individually
and on behalf of its members,

Index #: 85035/2023

                      Petitioners

        -against-

CITY OF NEW YORK, and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

**DECISION & ORDER**
(Motion #1 and #2)

                Respondents

    Upon the papers filed in support of the application and the papers filed in opposition
thereto, and after hearing oral arguments it is hereby:

    **ORDERED** that those portions of the Petition seeking a declaratory judgment that the
Respondents' policies in reviewing requests for religious exemptions to the Vaccine
Mandate violated the Constitution of the State of New York are hereby denied.

    **ORDERED** that Petitioners' motion for class action certification (motion #2) is hereby
denied;

    **ORDERED** that, as to Petitioners William Castro, Joan Giammarino, Carolyn Grimando,
Benedict LoParrino, Amaryllis Ruiz-Torres, Natasha Solon, and Teachers for Choice, the
Petition is denied; and

    **ORDERED** that, as to Petitioners Stephanie Dicapua, Michael Kane, Margaret Chu,
Heather Clark, Sasha Delgado, Robert Gladding, Nwakaego Nwaifejokwu, Ingrid
Romero, Trinidad Smith, and Dennis Strk, the Petition is granted to the extent of the
order.

1

## BACKGROUND

Excluding Teachers for Choice, each Petitioner is or was at one point in time an employee of the New York City Department of Education (hereinafter "the DOE"). During the Covid-19 pandemic, former Mayor Bill DeBlasio issued Emergency Executive Order No. 98 declaring a state of emergency in the City of New York (hereinafter "the City"). In March 2020, the DOE suspended in-person instructions in their school facilities and began remote instruction. Thereafter, on March 25, 2020, the New York City Commissioner of Health and Mental Hygiene declared the existence of a public health emergency. The Department of Health and Mental Hygiene (hereinafter "DOHMH") issued an Order on October 20, 2021, which required all New York City employees to receive vaccination against Covid-19 by on or before October 28, 2021 (hereinafter "the Vaccine Mandate" or "the Mandate"). The City maintains that vaccination was a condition of employment with the City of New York. Initially, the Mandate was enforced by the DOE while allowing no consideration for any exemptions, including religious or medical exemptions. On September 1, 2021, the United Federation of Teachers (hereinafter "UFT") filed a formal objection to Mandate on these grounds, and after failing to reach a resolution, UFT and the City proceeded to arbitration. *See Kane v. DeBlasio*, 19 F.4th 152, 164 (2d Cir. 2021). On September 14, 2021, New York County Supreme Court issued a temporary restraining order enjoining the City from enforcing the Mandate because of this lack of consideration. *See The New York City Mun. Labor Committee v. The City of New York*, 73 Misc.3d 621 (New York County 2021). On September 15, 2021, the Commissioner of Health and Mental Hygiene rescinded and modified the Mandate, with clarification provided that "[n]othing in this order shall be construed to prohibit any reasonable accommodations otherwise required by law." The temporary restraining order was then lifted by the Supreme Court. *Id*. The DOE and the City of New York then implemented a policy for accepting and reviewing requests for exemptions from the Mandate, including requests based on religious reasons (hereinafter "the Strickland Standards"). The Strickland Standards included the following language regarding religious exemptions:

> Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of

2

the vaccine, where the documentation is readily available (e.g., from an on line source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

DOE employees were required to submit requests for reasonable accommodations through an online portal called the Self-Service Online Leave Application System (hereinafter "SOLAS") by 5:00p.m. on September 20, 2021. Employees were offered one day to appeal any denial via SOLAS. Any employee who had not requested an exemption or who's exemption request was denied would be placed on Leave Without Pay (hereinafter "LWOP") on September 28, 2021.

### Petitioners' Federal Actions

On September 21, 2023, several Petitioners filed a federal lawsuit in the Southern District of New York in the case of *Kane v. DeBlasio*, including Michael Kane, William Castro, Margaret Chu, Heather Clark, Stephanie DiCapua, Robert Gladding, Nwakaego Nwaifejokwu, Ingrid Romero, and Trinidad Smith. *See* 2021 WL 5037401 (S.D.N.Y October 12, 2021)[1]. The District Court denied a preliminary injunction on the grounds that the Plaintiffs were unlikely to prevail on their claim that the Vaccine Mandate was unconstitutional on its face. *Id.* The Plaintiffs appealed that denial to the Second Circuit and requested an emergency injunction pending appeal. *Kane v. DeBlasio*, 575 F.Supp.3d 435 (S.D.N.Y December 14, 2021). During oral arguments in front of the Second Circuit Motions Panel (hereinafter the "Motions Panel") on November 10, 2021, the City conceded that the Strickland Standards were "constitutionally suspect." *Id* at 162. On November 15, 2021, The Motions Panel ordered that "the Plaintiffs *shall receive* fresh consideration of their requests for a religious accommodation." *Kane v. DeBlasio* 19 F.4th 152 (2d Cir. 2021)(emphasis added). The order further provided that "Plaintiffs shall submit to the citywide panel any materials or information they wish to be considered within two weeks of entry of this order." *Id.* On November 28, 2021, the Second Circuit vacated the District Court's decision denying the Plaintiffs preliminary injunctive relief, left in place the relief ordered by the Motions Panel, and remanded the case for further proceedings consistent with their opinion, allowing the Plaintiffs an opportunity to have their religious exemption requests

---

[1] Petitioners Strk and Delgado were also part of the federal action *Keil et al. v. City of New York, et al.*, 21-CV-8773, which was consolidated with the *Kane* action without opposition as part of the Southern District Court's order on December 14, 2021. *See Kane v. DeBlasio*, 575 F.Supp.3d 435 (S.D.N.Y December 14, 2021).

reconsidered by the City of New York Reasonable Accommodation Appeals Panel (hereinafter "Citywide Panel" or "Panel"). *Kane v. DeBlasio*, 575 F.Supp.3d 435. The Southern District thereafter denied the Plaintiff's motion for a preliminary injunction, finding that Petitioners had not shown they faced irreparable harm, or a likelihood of success on the merits, given that the Citywide Panel was directed to give the Plaintiff's requests "fresh considerations" after Plaintiff's were given an opportunity to re-apply and submit any additional information if they chose to. *See Kane v. DeBlasio*, 575 F.Supp.3d 435, 440-442 (S.D.N.Y. December 14, 2021). The Court further denied the Plaintiff's motion to certify a class of all DOE members who assert religious objections to the vaccine Mandate as premature, as the issue had not been fully briefed. *See id.*

On August 26, 2022, the Southern District ultimately dismissed the Plaintiff's complaint. *See Kane v. DeBlasio*, 623 F. Supp. 3d 339 (S.D.N.Y. Aug. 26, 2022). Specifically, the Southern District found that the Vaccine Mandate did not violate the Free Exercise Clause of the United States Constitution in that it was facially neutral and generally applicable, with no evidence of "animus" towards any religious group. *See id.* at 355. The Court further found that the Vaccine Mandate did not violate the Equal Protection Clause or the Establishment Clause, and that the Mandate satisfied both substantive and procedural due process. *See id.* at 355-360. The District Court further dismissed the Plaintiffs' state law claims for lack of supplemental jurisdiction. *See id.* at 363-364.

## The Petitioners' Requests

Petitioners Castro, Chu, Clark, Delgado, DiCapua, Kane, Gladding, Grimando, Nwaifejokwu, Romero, Ruiz-Toro, Solon, and Strk all initially applied for a religious exemption from the Vaccine Mandate in September of 2021. Petitioners Giammarino, LoParrino, and Smith did not submit any initial request for a reasonable accommodation via SOLAS. Petitioner Ruiz-Toro's request for a religious exemption was granted under the initial Strickland Standards. Every other request was denied. Pursuant to the aforementioned order from the Motions Panel, the *Kane* Plaintiffs were entitled to receive "fresh considerations" from the Citywide Panel. Respondents assert that any other DOE employees who had not initially applied for a religious exemption were also invited to have their requests reviewed by the Citywide Panel. As to requests from DOE employees, the Citywide Panel consisted of three members: one from the

4

FILED: RICHMOND COUNTY CLERK 09/07/2023 04:43 PM
NYSCEF DOC. NO. 132 Case 22-1801, Document 204, 09/11/2023, 3566677, Page8 of 25

INDEX NO. 85035/2023
RECEIVED NYSCEF: 09/07/2023

New York City Law Department, one from the New York City Department of Citywide Administrative Services, and one from the City Commission on Human Rights. The Petitioners maintain that an overwhelming number of appeals to the Citywide Panel were not heard, as Eric Eichenholtz, Chief Assistant Corporation Counsel for Employment Policy and Litigation with the New York City Law Department, testified and confirmed during a deposition in the case of *New Yorkers For Religious Liberty, Inc. et al v. The City Of New York et al.* that between 550-600 DOE appeals were reviewed by the Citywide Panel, while over 7000 requests were initially made to the DOE via SOLAS. *See* Case No. 1:2022-cv-00752 (E.D.N.Y 2022)

Petitioners DiCapua, Kane, Castro, Chu, Clark, Delgado, Gladding, Nwaifejokwu, Romero, Smith[2], and Strk all submitted appeals to the Citywide Panel. All but Castro had their appeals denied on December 10, 2021, with the reasoning provided that each request did "not meet criteria." Each Citywide Panel denial further state that "[t]his determination represents the final decision with respect to your reasonable accommodation request" and that the Petitioners had three days from receipt of the denials to file proof of vaccination or be placed on LWOP. On December 14, 2021, one day after the Petitioners were given to provide proof of vaccination, the Citywide Panel provided the Petitioners with supplemental reasoning for the denial of their appeals.[3] It is the Petitioners position that they were the only individuals who made submissions to the Citywide Panel to receive any supplemental reasoning.

### *The Citywide Panel's Reasoning*

Petitioner Romero was informed that "[t]he record before the Panel demonstrated that the employee's articulated religious beliefs do not appear to be the basis for the appellant's decision not to vaccinate in view of the fact that she has previously accepted comparable medical treatments. While the appellant claims that she changed her views three years ago, she points to no examples to demonstrate how she has acted on these changed beliefs outside the specific context of COVID-19 vaccines.

Petitioner Clark was informed that "[t]he record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing

---

[2] It should be noted that Petitioner Smith was permitted to submit a request to the Citywide Panel although they did not submit an initial request for a reasonable accommodation to the DOE via SOLAS.
[3] The full reasoning provided to each Petitioner is available in NYCEF document #10.

the employee from vaccination. Rather, the appellant's decision not to vaccinate comes from non-religious sources: a fact-based review of CDC information about the vaccine and concerns about vaccine efficacy. One panel member would also deny the reasonable accommodation on the grounds of undue hardship. One panel member believes appellant has sufficiently established a sincerely held religious belief that precludes vaccination, and would vote to grant the accommodation sought."

Petitioner Gladding was informed that "[t]he record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant explains his understanding of the religious doctrine articulated is that it is ultimately appellant's choice to take or abstain from food and medication based on his view of the facts and circumstances and his documentation from clergy likewise supports this understanding. In this case, appellant acknowledged he considered whether to take the vaccine and ultimately chose not to."

Petitioner Kane was informed that "[t]he record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant explains his understanding of the religious doctrine articulated is that it is ultimately appellant's choice to take or abstain from food and medication based on his factual determination as to whether he considers the item to contain pollutants. Appellant, despite being given an opportunity to do so, did not list any substances that fall into this category."

Petitioner DiCapua was informed that "[t]he record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Rather, it appears the employee's decision to refuse vaccination is based on her factual views of the COVID-19 Mandate and vaccine. The employee did not provide, beyond the most general response, any examples of other medications or specific vaccines she has refused due to her articulated religious belief.

Petitioner Nwaifejokwu was informed that "[t]he record before the Panel demonstrated that the employee holds sincerely held religious beliefs sufficient to justify a reasonable accommodation if such accommodation did not present an undue hardship. However, the panel

6

believes the DOE has successfully demonstrated that an accommodation, in appellant's case, would create an undue hardship if granted."

Petitioner Delgado was informed that "[t]he record before the Panel demonstrated facts that cast doubt on appellant's claim that the religious belief she articulated would preclude her from vaccination. While appellant said she would abstain from other medication should she learn similar things about its development, the only medication in which appellant seems to have had sufficient concern to research whether it was tested on such cells is the COVID-19 vaccine. Indeed, appellant suggests that she may have taken similar medications in the past based on the "belief" that they were not tested on fetal cells. These responses strongly indicate appellant is taking a different approach with respect to the COVID-19 vaccine than she does in analogous circumstances."

Petitioner Chu was informed that "[t]he record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the religious doctrine articulated provides, ultimately, for appellant to choose to take or abstain from vaccination based on her view of the facts and circumstances. The appellant is not entitled, under the law, to a reasonable accommodation concerning her personal, fact-based decision not to take the vaccine."

Petitioner Smith was informed that "[a]fter carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Smith's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant, in his documentation, refused to rule out use of such medications if ultimately it was a necessary medical intervention for him instead noting, thus far, he has had no such occasions to require medication and had not previously been vaccinated."

Petitioner Strk was informed that "[a]fter carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Smith's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant, in his documentation, refused to rule out

7

use of such medications if ultimately it was a necessary medical intervention for him instead noting, thus far, he has had no such occasions to require medication and had not previously been vaccinated.

Petitioner Castro was informed that "[a]fter carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to REVERSE the DOE's determination and grant Appellant Castro's reasonable accommodation. The record before the Panel demonstrated, to the satisfaction of two panel members, that the employee has sufficiently established that he holds sincerely held religious beliefs, of which he and his family have consistently adhered to, that require appellant to abstain from vaccination. The other panel member would deny the accommodation on the ground that that the record demonstrates the appellant's choice not to vaccinate is a result of his personal decision, not a religious practice or belief... The record is unclear whether the DOE denied appellant's accommodation because it believed the accommodation presented an undue hardship. In any event, the DOE did not respond to the panel's request for specific details about such an argument if it did. However, we note that, as part of the accommodation, the DOE may, if it so chooses, reassign appellant to a non-classroom position in order to comply with the Health Commissioner's Mandate that unvaccinated individuals should not be present in schools or around children."

The Citywide Panel stated across the denials that the DOE sufficiently demonstrated that granting reasonable accommodations to classroom teachers could not be done "without presenting a risk to the vulnerable and still primarily unvaccinated student population." Therefore, the Panel found that the DOE had sufficiently displayed that an "undue hardship" would be presented in granting the Petitioners' requests. Each Petitioner who filed an appeal to the Citywide Panel was a classroom teacher, with the exceptions of Petitioners Clark and Castro. Petitioner Clark worked as an associate director at the central offices of the DOE. Clark's request was denied, with one Panel member citing that it would deny based on "undue hardship." Clark's denial letter did not describe what this undue hardship would be. Petitioner Castro worked as an administrator for Community School 12 in the Bronx. His request was approved by the Citywide Panel. It should be noted that Petitioner Ruiz-Toro works as an Assistant Principal at a DOE school in Queens. She was the only Petitioner whose reasonable accommodation request was approved under the initial Strickland Standards.

8

Petitioners Giammarino, Grimando, LoParrino, and Solon were not a part of the *Kane* litigation at the time of the Motions Panel's order. Petitioner Solon, an assistant principal within the DOE, applied for a religious exemption under the initial Strickland Standards via SOLAS and was denied. On October 15, 2021, Petitioner Solon was placed on LWOP. Petitioner Solon subsequently received Covid-19 vaccination and was permitted to return to work. Petitioners Giammarino and LoParrino did not apply for an initial exemption via SOLAS. The Petitioners submit that Giammarino, Grimando, LoParrino, and Solon all requested that the Citywide Panel review their requests for religious applications but never received any reviewal or relief from the Panel. The Respondents deny that these Petitioners requested review from the Citywide Panel. Petitioner Grimando was placed on LWOP initially, but subsequently submitted proof of vaccination and returned to work. Petitioner LoParrino was terminated by the DOE on February 11, 2022. Petitioners Clark, Chu, DiCapua, Delgado, Gladding, Kane, Nwaifejokwu, Romero, Strk, and Smith were all terminated on February 18, 2022. Petitioner Giammarino was terminated on August 19, 2022. The Petitioners allege that any employee who did not submit proof of vaccination pursuant to the Mandate received a "problem code" in their employment file with the DOE. It is alleged that these "problem codes" marked the employee files for unspecified misconduct and flagged their fingerprints with national agencies such as the FBI, making it difficult for an individual to find employment going forward. The Respondents deny these allegations. It should be noted that on February 10, 2023, the New York City Board of Health amended the Vaccine Mandate, removing the requirement that City employees that do not provide proof of vaccination against COVID-19 be excluded from their place of work.

## PROCEDURAL HISTORY

This Petition was filed on February 11, 2023. Petitioners subsequently filed a motion for class action certification on April 7, 2023. The Respondents initially filed a cross-motion to dismiss on May 3, 2023. This Court denied Respondents' motion on July 18, 2023. Respondents filed an answer on August 10, 2023. This Court heard arguments on class action certification and the Petition on August 14, 2023.

## CLASS ACTION

In order to determine whether an action may proceed as a class action under CPLR 901(a), the court shall consider: (1) whether the class is so numerous that joinder of all members is impracticable; (2) whether common questions of law and fact predominate over questions affecting only individual class members; (3) whether the claims or defenses of the representative parties are typical of the class; (4) whether the representative parties will fairly and adequately protect the interests of the class; and (5) whether a class action is the superior method for the fair and efficient adjudication of the controversy. *See* CPLR 901(a)(1)-(5); *Canavan v Chase Manhattan Bank*, 234 A.D.2d 493, 494 (2d Dep't 1996). The class representative bears the burden of establishing that the class exists and that the prerequisites are met and "[a] class action certification must be founded upon an evidentiary basis" *Moreno v Future Health Care Services*, Inc., 186 A.D.3d 594, 596 (2d Dep't 2020)(internal quotation marks omitted); *See Krobath v. South Nassau Communities Hospital*, 178 A.D.3d 805, 805 (2d Dep't 2019).

"As a general proposition, in a class action, 'the class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative.'" *Klein v. Robert's Am. Gourmet Food, Inc.*, 28 A.D.3d 63, 71 (2d Dep't 2006), quoting 7A Fed. Prac. & Proc. Civ. § 1760 A Class Must Exist (4th ed.). "As a general rule, class action relief is considered unnecessary where governmental operations are involved because subsequent petitioners will be adequately protected under the principle of stare decisis." *Holcomb v. O'Rourke*, 255 A.d.2d 383 (2d Dep't 1998); *see also Rivers v. Katz*, 67 N.Y.2d 485, 499 (1986).

## CONSTITUTIONAL LAW

The United States Supreme Court has held that "laws specifically targeting religious conduct are subject to strict scrutiny; they 'must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest'" *C.F. v. New York City Dep't of Health and Mental Hygiene*, 139 N.Y.S.3d 289 (2d Dep't 2020), citing *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 531–532 (1993). However, "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice" (*Church of Lukumi*

10

*Babalu Aye, Inc. v. Hialeah* at 531; see *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872 (1990)(holding that a State may deny unemployment benefits to a person fired for violating a State prohibition on the use of peyote, even though the use of the drug was part of a religious ritual). The New York Court of Appeals has also rejected the application of strict scrutiny to neutral and generally applicable laws under the Constitution of the State of New York (hereinafter "New York Constitution"). *See Catholic Charities of Diocese of Albany v. Serio*, 7 N.Y.3d 510, 525–526 (2006).

The Equal Protection Clause of the New York Constitution states that "no person shall be denied the equal protection of the laws of this state or any subdivision thereof" (N.Y. Const., art. I, § 11). The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, "no State shall ... deny to any person within its jurisdiction the equal protection of the laws." (USCS Const. Amend. 14). "In essence, the constitutional guarantee of equal protection is "that all persons similarly situated must be treated alike." *Bower Assoc. v. Town of Pleasant Val.,* 2 N.Y.3d 617, 630, (2004). Thus, a:

> [v]iolation of equal protection arises where *first,* a person (compared with others similarly situated) is selectively treated and *second,* such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." (*Id.* at 631).

New York Courts have interpreted that the Equal Protection Clause of the New York Constitution "is no more broad in coverage than its Federal prototype." *Dorsey v. Stuyvesant Town Corp.*, 299 N.Y.512, 530 (1949); *See also Brown v. State*, 89 N.Y.2d 172, 191 (1996).

The Free Exercise Clause of the New York Constitution states:

> [t]he free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all humankind; and no person shall be rendered incompetent to be a witness on account of his or her opinions on matters of religious belief; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of this state. N.Y. Const., art. I, § 3.

New York State courts, in interpreting the New York Constitution's Free Exercise Clause, have "not applied…the inflexible rule of *Smith* that no person may complain of a burden on religious exercise that is imposed by a generally applicable, neutral statute." *Catholic Charities of Diocese of Albany v. Serio*, 7 N.Y.3d 510, 525 (2006), referencing *Empl. Div., Dept. of Human Resources*

11

*of Oregon v. Smith*, 494 US 872 (1990). The Court of Appeals has held that "when the State imposes 'an incidental burden on the right to free exercise of religion' we must consider the interest advanced by the legislation that imposes the burden, and that '[t]he respective interests must be balanced to determine whether the incidental burdening is justified'" *Catholic Charities of Dioces of Albany* at 525, quoting *La Rocca v. Lane,* 37 N.Y.2d 575, 583 (1975). Notably, the Court of Appeals specified that "substantial deference is due the Legislature, and that the party claiming an exemption bears the burden of showing that the challenged legislation, as applied to that party, is an unreasonable interference with religious freedom." *Catholic Charities of Diocese of Albany* at 525. The Appellate Division Second Department recently held in *C.F. v. New York City Dep't of Health and Mental Hygiene* that "the Free Exercise Clause does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability, even if the law has the incidental effect of burdening a particular religious practice." 139 N.Y.S.3d 289, 291 (2d Dep't 2020).

## ARTICLE 78

### Standard of Review

Judicial review of the acts of an administrative agency under article 78 is limited to questions expressly identified by statute (*see* CPLR §7803; *Matter of Featherstone v. Franco*, 95 NY2d 550, 554 [2000]). CPLR §7803 states:

> The only questions that may be raised in a proceeding under this article are:
> 1. whether the body or officer failed to perform a duty enjoined upon it by law; or
> 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
> 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
> 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.
> 5. A proceeding to review the final determination or order of the state review officer pursuant to subdivision three of section forty-four hundred four of the education law shall be brought pursuant to article four of this chapter and such subdivision; provided, however, that the provisions of this article shall not apply to any proceeding commenced on or after the effective date of this subdivision.

12

Under CPLR Article 78, the Petitioners must establish that the agency determination or decision is so "lacking in reason for its promulgation that it is essentially arbitrary." *NY State Ass'n. of Counties v. Axelrod,* 78 N.Y.2d 158, 166 (1991). The standard of review is "whether the regulation has a rational basis, and is not unreasonable, arbitrary, or capricious." *Matter of Consolation Nursing Home, Inc., v. Commr. Of New York State Dept. of Health,* 85 N.Y.2d 326, 331-332 (1995). The reviewing court "must be certain that an agency has considered all the important aspects of the issue and articulated a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." *O'Rourke v. City of NY,* 64 Misc. 3d 1203 [A] (Sup. Ct. Kings County 2019). The Court "may not substitute its own judgment of the evidence…but should review the whole record to determine whether there exists a rational basis to support the findings upon which the …determination is predicated." *Purdy v. Kreisberg,* 47 N.Y.2d 354, 358 (1979). "Public health agencies, in particular, are entitled to a high degree of judicial deference when acting in their area of their particular expertise." *C.F. v. NYC Dept. Of Health & Mental Hygiene,* 191 A.D.3d 52, 69 (2d Dep't. 2020).

In reviewing alleged arbitrary and capricious administrative determinations, a reviewing court's function is limited to "whether the record contains sufficient evidence to support the rationality of the…determination." *Atlas Henrietta LLC v. Town of Henrietta Zoning Bd. Of Appeals,* 46 Misc. 3d 325, 332 (Sup. Ct. 2013) *aff'd*, 120 A.D.3d 1606 (2014). Furthermore, "capricious action in a legal sense is established when an administrative agency on identical facts decides differently." *Italian Sons & Daughters, Inc. v. Common Council of Buffalo,* 453 N.Y.S2d 962 (4th Dept. 1982).

Under federal law, the City of New York must make reasonable accommodations for religious practices of its employees, unless the accommodation results in undue hardship on the conduct of the employer's business. *Baker v. The Home Depot,* 445 F.3d 541 (2d Cir. 2006). Pursuant to the NYC Administrative Code, the City of New York must reasonably accommodate an employee whose sincerely held religious belief, practice, or observance conflicts with a work requirement, unless the accommodation would create an undue hardship or present a direct threat. *See NYC Admin. Code* 8-107(3). Furthermore, the Respondents must show that accommodating the employee would cause a "significant interference with the safe or efficient operation of the workplace." *See NYC Admin. Code* 8-107(3)(b). Moreover, "the determination that no reasonable accommodation would enable the person requesting an accommodation to

13

satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, in a cooperative dialogue." *See NYC Admin. Code* 8-107 (28)(e).

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law." *Watergate II Apts. v Buffalo Sewer Auth.*, 46 N.Y.2d 52, 57 (1978). "The exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power." *Id.*; *see also Matter of First Nat. City Bank v. City of New York*, 36 N.Y.2d 87, 92-93 (1975).

## DECISION

### Petitioner's Constitutional Challenges

As an initial matter, the Petition's fourth cause of action, which asserts that the Respondents' policies regarding religious exemptions in implementing the Vaccine Mandate violated the New York State Constitution, is hereby denied.

Petitioners allege that "[t]he Stricken Standards violate the equal protection clause because they treat similarly situated people differently, without any rational basis based on whether their religious beliefs are personally held or shared by state-preferenced religious leaders and doctrine." The Petitioners alternatively argue that the policy created a suspect classification and therefore fails strict scrutiny. However, Respondents were already provided relief from these standards when the City admitted in argument before the Second Circuit Motions Panel that the standards were "constitutionally suspect." *Kane v. DeBlasio*, 575 F.Supp.3d 435 (S.D.N.Y December 14, 2021). It is because of that prior litigation that the Motion Panel ordered "fresh consideration" to be granted the *Kane* plaintiffs. *Id*. at 440. Respondents assert that they actually went beyond the scope of what was required under the Motions Panel's direction, in allowing any DOE members to submit an appeal to the Citywide Panel. Although the Petitioners allege that not all who submitted their requests to the Citywide Panel received that relief. However, the testimony of Eric Eichenholtz relied upon by the Petitioners shows that between 550-600 individuals received Citywide Panel review, many more than simply the *Kane* Plaintiffs.

14

Additionally, a review of the written denials provided by the Citywide Panel indicates that the Panel reviewed the appeals and the religious beliefs expressed by the Petitioners therein without the Strickland Standard requirements. Indeed, no denial questioned the validity of any Petitioner's religious belief. Nor were any Petitioners denied based on their failure to submit writings from religious officials, because a religious leader had spoken publicly in favor of the vaccine, or based on their beliefs belonging to an unrecognized or unestablished religion. Instead, the denials demonstrate that the Petitioners' submissions were evaluated based on the Citywide Panel's reviewal of the religious beliefs expressed by each Petitioner, in conjunction with whatever other support each Petitioner chose to provide in their requests, and whether or not the Panel found that those beliefs were the reason that each Petitioner chose not to get vaccinated. The Court is further unpersuaded that the decisions made by the Citywide Panel were inherently unlawful, as asserted by the Petition. The Petitioners allege that "[t]he Citywide Panel process was just as infected with religious animus, and cannot rehabilitate the evidence of direct discrimination found in the DOE's adoption of the facially discriminatory Stricken Standards policy." However, the only reasoning cited in support of this assertion appears to be that the Citywide Panel was composed partially of individuals who played a role in the adoption of the initial Strickland Standards, thus showing that that the Panel had an interest in upholding the initial denials, and that the initial standards favored Christian Scientists by identifying them as an "established religion." Absent any further evidence, this Court is not inclined to speculate on any alleged "religious animus" in the actions of the Citywide Panel.

The timing and further substance of these responses provided by the Citywide Panel will be discussed further below, but to the extent that the Petitioners challenge Respondents' policies under the New York Constitution, that cause of action of the Petition is hereby dismissed. As such, as it relates to Petitioner Teachers For Choice, the Petition is hereby denied in its entirety.

### Class Action Certification

As a result of this Court's denial of the Petitioners Constitutional claims, the relief remaining in the Petition requires an individual analysis of each individual Petitioner's actions in submitting their requests for a religious exemptions, and the sufficiency of the Respondents' reasoning in denying any applications. As stated by the Respondents, the Court would be required to engage in "mini-trials" regarding each member of the proposed class to determine if

15

they even qualify under the class, let alone if they are entitled to ultimate relief. The Petitioners cite to *Hill v. City of New York* to support their argument that in a "pattern and practice" discrimination claim, class action commonality analysis, and the initial stage of litigation, focus on whether plaintiffs "sufficiently alleged class-wide discriminatory policies, rather than allegations of individual discrimination." 136 F. Supp. 3d 304 (E.D.N.Y. 2015). As this Court is ruling against the Petitioners' constitutional claims, no such "class-wide discriminatory polices" remain for reviewal, and the only relief to be reviewed is individual relief relevant to each petitioner. *Id.*

However, even absent this Court's aforementioned determinations, upon reviewal of Petitioners' request for class certification, Petitioners' request fails. Petitioners propose a class certification of "all current or former DOE employees or contractors who submitted a request for religious accommodation from the Covid-19 vaccine Mandate." As articulated by Respondents, Petitioners class definition is overbroad. Out of the sixteen (16) named Petitioners in this matter, not all Petitioners would qualify under this standard, as several Petitioners did not submit any request for a religious exemption, while others did not seek relief from the Citywide Panel. Notably, Petitioners proposed class does nothing to differentiate between those who applied only under the initial Strickland Standards, and those who sought relief from the Citywide Panel. Furthermore, two named Petitioners actually received religious exemptions, yet they would still be covered under the Petitioners proposed class despite not suffering from the same alleged harm as the overall class. The same would apply to any individual who received a religious exemption at either phase of requesting. Additionally, the Petitioners proposed class would also allow for any individuals who have already pursued relief via other forms of litigation, whether that relief was ultimately granted or not. *See LaBarbera v. New York City Dep't of Educ.*, Index No. 85001/2023 (Sup. Ct. Richmond County, Apr. 4, 2023).

Also, as articulated by the Respondents in their opposition, the Petitioners are not representative of the class they seek to certify. The Petitioners were all, in some fashion, Plaintiffs in the aforementioned federal cases. As such, those eleven (11) Petitioners whose requests were reviewed by the Citywide Panel received individualized determinations from the Panel as to why their requests were denied. The Petitioners admit that they are the only individuals to receive such reasoning, separating them further from the class they seek to represent and demonstrating a lack of typicality. *See Small v Lorillard Tobacco Co.*, 94 N.Y.2d 43, 53 (1999); *Alix v. Wal-Mart Stores. Inc.*, 16 Misc. 3d 844, 859, 838 (Sup. Ct. N.Y. Co.

2007). Finally, there is the general rule that class action status is unnecessary where governmental operations are involved, as subsequent petitions will be adequately protected under the principle of *stare decisis*. *See Holcomb v. O'Rourke*, 255 A.D.2d 383 (2d Dep't 1998 *Rivers v. Katz*, 67 N.Y.2d 485, 499 (1986). It should be noted that the commencement of a class action suit tolls the running of the statute of limitation for all purported class members to commence their own action. *See Badzio v. Americare Certified Special Services, Inc.*, 177 A.D.3d 838, 841-842 (2019), quoting *Osarczuk v. Associated Univs., Inc.*, 130 A.D.3d 592, 595 (2d Dep't 2015).

    For these reasons, Petitioners motion to certify this action as a class action is denied.

## Article 78 Review

    Turning now to the individual requests of the Petitioners and the responses provided by the Respondents, this Court finds that, as to the applicable Petitioners, the denials presented by the Respondents were arbitrary and capricious.

    Initially, it should be noted that the Petitioners who applied for "fresh consideration" of their requests from the Citywide Panel received their denials from the Panel on December 10, 2021. (Petitioners DiCapua, Kane, Castro, Chu, Clark, Delgado, Gladding, Nwaifejokwu, Romero, Smith, and Strk, collectively referred to as the "Panel Petitioners"). The Panel Petitioners were given three (3) days to submit proof of vaccination or be placed on LWOP. The only explanation these Petitioners were given was that their requests "did not meet criteria." The summaries provided to each Panel Petitioner were provided on December 14, 2021, *after* the deadline that Respondents gave these Petitioners for compliance. In light of the timeline given to the Panel Petitioners under the Second Circuit ordered "fresh consideration" the Court cannot help but view these denials as final and binding on both the Panel Petitioners and the Respondents. As such, this Court finds, as many Courts across New York City have, that simply providing "does not meet criteria" without a timely individualized analysis is arbitrary and capricious. *See Finley v. The City of New York and FDNY*, Index No. 717617/2022 decision dated October 27, 2022; *Schiefer v Bd. of Educ. of the City of New York*, et al, Index no. 155983/2022 decision dated October 4, 2022 (wherein the Supreme Court, New York County, held that the DOE's assertion of an undue hardship, without any support or explanation given at the time of the decision, was arbitrary and capricious); *See DeLetto v. Eric Adams, et al.*, Index No. 156459/2022 decision dated September 13, 2022 (wherein the Supreme Court, New York

17

County, found that the determination of the NYPD to deny a religious exemption was "irrational because it did not provide any individualized analysis"). *Loiacono v. the Bd. of Educ. of the City of New York, et al*, Index no. 154875/2022 decision dated July 11, 2022 (wherein the Supreme Court, New York County, found that failing to explain the nature of an alleged undue hardship rendered a decision to deny a religious exemption arbitrary and capricious).

However, even were this Court to review and consider the summaries provided by the Citywide Panel, they still would not rehabilitate the arbitrary and capricious nature of Panel's denials with regards to the DOE operations. The "undue hardship" articulated by the Panel was "presenting a risk to the vulnerable and still primarily unvaccinated student population." It is for this reason that each classroom teacher amongst the Panel Petitioners would have had their requests denied, even if the Panel found that a reasonable accommodation was warranted. It would stand to reason that this was why Petitioner Castro's request was ultimately granted, seeing as his role in the DOE was in administration. However, even presuming this logic by the Panel, that logic is frustrated by the Panel's denial of Petitioner's Clark's application. Petitioner Clark worked as associate director at the DOE central offices. While the ultimate denial by the Panel was not on the grounds of "undue hardship" at least one Panel member would have denied Clark's request on that ground, despite Clark's status in administration. By granting some accommodations while denying others, without a rational reason, the Respondents have acted in an arbitrary and capricious manner. *See Italian Sons & Daughters, Inc. v. Common Council of Buffalo*, 453 N.Y.2d 962 (2d Dep't 1982). For these reasons, Petitioner Clark is entitled to a religious exemption from the Vaccine Mandate.

Going even further, this Court finds no rational basis for the seemingly blanket denial of any religious exemption to all classroom teachers found within the Panel's reasoning. As this Court articulated in its decision in *Rivicci v New York City Fire Dept.*, "[h]indsight is a powerful tool. Being vaccinated does not prevent an individual from contracting or transmitting Covid-19." 2022 NY Slip Op 34070[U] (Sup Ct, Richmond County 2022, Index No. 85131/2022). The Panel admits in their denial that the population of students within the DOE was "primarily unvaccinated." This Court sees no rational basis for not allowing unvaccinated classroom teachers in amongst an admitted population of primarily unvaccinated students. As such, the decision to summarily deny the classroom teachers amongst the Panel Petitioners based on an undue hardship, without any further evidence of an individualized analysis, is arbitrary,

18

capricious, and unreasonable. As such, each classroom teacher amongst the Panel Petitioners is entitled to a religious exemption from the Vaccine Mandate.

Despite the deference afforded to city agencies regarding the interpretations of their own regulations, this Court's role is to review these interpretations to ensure each of these decisions are reasonable and rational. *See Finley v. The City of New York and FDNY*, Index No. 717617/2022. The question that must be answered is whether or not the record demonstrates that the DOE's and Citywide Panel decisions were supported by a rational basis. *See Purdy v. Kreisberg*, 47 N.Y.2d 354, 358 (1979); *Atlas Henrietta LLC v. Town of Henrietta Zoning Bd. Of Appeals*, 46 Misc. 3d 325, 332 (Sup. Ct. 2013) aff'd, 120 A.D.3d 1606 (2014). In light of the lack of any provided explanation by the Citywide Panel to the Penal Petitioners at the time of their denials, and the DOE and Panel's different determinations based on the same set of facts, this Court finds that these decisions were not. As the record contains insufficient evidence to support the DOE's determination, the denials of the Panel Petitioners' religious exemptions are hereby annulled.

To the extent that Panel Petitioners challenge the Respondents' determinations under the NYSHRL and NYCHRL as being done without engaging in the statutorily required "cooperative dialogue," these claims are denied. Petitioners have failed to establish that the City's process for providing the opportunity for and assessing requests for reasonable accommodations from the 2021 Vaccine Mandate were done in violation of the NYCHRL (See, CPLR 7803(3); NYC Admin. Code 8-107(28)(e). In the past, this Court ruled that informing employees of the process for applying for and appealing denials of reasonable accommodations did not constitute the required cooperative dialogue under New York's human rights laws. See *Baratta v. NYPD* (Sup Ct, Richmond County 2022, index No. 85223/2022). However, on June 20, 2023, the Appellate Division First Department ruled in *Marsteller v. City of New York* that in publicly offering information on its process for reviewing accommodation requests and informing employees on how to submit applications and appeal denials, the Respondents were compliant under the requirements of the NYCHRL. *See* 217 A.D.3d 543 (1d Dep't 2023). In the absence of a ruling on this issue from the Appellate Division Second Department, this Court is obligated by *stare decisis* to abide by the First Department's ruling. See *Mountain View Coach Lines v. Storms*, 102 A.D.2d 663, 664 (2d Dep't 1984); *Maple Medical, LLP v. Scott*, 191 A.D.3d 81 (2d Dep't 2020).

19

To the extent the Panel Petitioners allege other violations under New York's human rights laws, those claims are rearticulations of Petitioners aforementioned discrimination claims, and are thus denied on the same grounds.

### The Remaining Petitioners

As to the petitioners who did not request or receive relief from the Citywide Panel (Petitioners Castro, Giammarino, Grimando, LoParrino, Ruiz-Torros, and Solon), their requests for relief are hereby denied. Petitioners Ruiz-Torres and Petitioner Castro were granted religious exemptions, and as such there is no relief available to them. Petitioners Solon and Grimando applied for exemptions initially under the Strickland Standards and were denied, but did not receive reviewal from the Citywide Panel. Petitioners Giammarino and LoParrino did not apply initially, nor did they receive relief from the Citywide Panel. Although the Petitioners' overall position is that the Citywide Panel did not provide relief to the vast majority of initial DOE applicants, and specifically that these Petitioners did seek that Citywide Panel review, the record before this Court is insufficient to make any determination as to those claims. The Second Circuit Motions Panel order instructed that the Respondents provide "fresh consideration" to the *Plaintiffs* within the federal actions, and indeed each Petitioner who was a Plaintiff in said action did receive the required review. *See Kane v. DeBlasio*, 575 F.Supp.3d 435 (S.D.N.Y December 14, 2021). The *Kane* Plaintiffs were given two weeks from the November 15, 2021, order to provide to the Citywide Panel "any materials or information they wish to be considered." *Kane v. DeBlasio,* 19 F.4th 152 (2d Cir. 2021). Petitioners Giammarino, Grimando, LoParrino, and Solon were not plaintiffs in the *Kane* action at the time the order was issued. *Id.* As such, they were not entitled to the automatic relief issued in the order. During the *Kane* proceedings the Respondents represented that they were "making an opportunity for fresh consideration available more broadly to Department of Education employees who unsuccessfully sought religious [accommodations] pursuant to the arbitration award's appeal process" and that "[t]hose employees will be granted the same opportunity" as the *Kane* Plaintiffs "to have their religious accommodation requests considered by the central citywide panel." *Kane v.* DeBlasio, 19 F.4th 152 172-173 (2d Cir. 2021). The Respondents' position is that Petitioners Giammarino, Grimando, LoParrino, and Solon did not apply for review by the Citywide Panel. Further, although the Petitioners cite to the deposition testimony of Eric Eichenholtz to argue that only a small portion of the initial Strickland Standard applicants received reviewal from the Citywide

Panel, his testimony does show that individuals other than the named *Kane* Plaintiffs were able to avail themselves of the Citywide Panel's review. The record before this Court is insufficient to determine specifically why Petitioners Giammarino, Grimando, LoParrino, and Solon did not receive review from the Panel, if they did indeed request said relief in a timely fashion. It is not this Court's role to speculate as to facts outside the record.

The Petitioners are correct that the rule regarding exhaustion of administrative remedies is not binding when an individual challenges the constitutionality of an agency's actions. *See Watergate II Apts. v Buffalo Sewer Auth.,* 46 N.Y.2d 52, 57 (1978). However, as stated earlier, such constitutional relief was provided by order of the Second Circuit Motions Panel in requiring the Citywide Panel to provide "fresh consideration" to the Plaintiff applicants and the record before this Court demonstrates that DOE applicants outside of the *Kane* Plaintiffs at the time of the Motion Panel's November 2021 order received review from the Citywide Panel. Therefore, as to Petitioners Giammarino, Grimando, LoParrino, and Solon, the Petition is hereby denied.

### Petitioners Further Claims for Damages

Finally, the Court is granting the Petitioners' application attorney's fees. The Court finds that an award of attorney's fees to the Petitioners is warranted under the circumstances of this case. *See Auguste v. Wing,* 269 A.D.2d 239 (1d Dep't 2000); *Graves v. Doar*, 87 A.D.3d 744 (2d Dep't 2011); *Perez v. New York State Dept. of Labor*, 259 A.D.2d 161 (3d Dep't 1999). Outside of the specific relief described as part of this order, Petitioners further claims for damages are hereby denied. Petitioners seek various forms of relief outside of the relief provided by the Article 78 award, such as incidental damages suffered by Petitioners, including housing costs, loans incurred during periods of LWOP and termination, medical bills, unspecified compensatory damages for mental anguish, and for punitive damages. "No claim for punitive damages lies against a governmental entity." *Matter of Ken Mar Dev., Inc.* v. *Dept. of Pub. Works of City of Saratoga Springs*, 53 A.D.3d 1020, 1025 (3d Dep't 2008); *see also Sharapata v. Town of Islip*, 56 N.Y.2d 332 (1982). As to the other alleged damages, Petitioners cite to no case law in support of their requests. As such, those requests for further damages are hereby denied.

Accordingly, it is hereby

1. **ORDERED** that Petitioners' motion to certify this action as a class action is denied;

2. **ORDERED** that those Portions of the Petition seeking relief under the Constitution of the State of New York are denied;

3. **ORDERED** that the Petition is denied as to Petitioners William Castro, Joan Giammarino, Carolyn Grimando, Benedict LoParrino, Amaryllis Ruiz-Torros, Natasha Solon, and Teachers for Choice.

4. **ORDERED** that the Petition is granted in that Petitioners Stephanie Dicapua, Michael Kane, Margaret Chu, Heather Clark, Sasha Delgado, Robert Gladding, Nwakaego Nwaifejokwu, Ingrid Romero, Trinidad Smith, and Dennis Strk are entitled to a religious exemption from the Vaccine Mandate;

5. **ORDERED** that the Petitioners referenced in #4 above's terminations from the DOE are hereby annulled;

6. **ORDERED** that the Petitioners referenced in #4 above are to be immediately reinstated to full employment status within the DOE;

7. **ORDERED** that the Petitioners referenced in #4 above are entitled to back pay in salaries, benefits, pensions, and seniority, from the dates on which they were each initially placed on LWOP;

8. **ORDERED** that an award of attorney's fees is granted to the Petitioners referenced in #4 above; and

9. **ORDERED** that the Petitioners referenced in #4 above are directed to submit a proposed order and judgment consistent with this decision on or before October 6, 2023. Respondents are directed to file any opposition to the order by October 27, 2023.

Date: September 6, 2023

ENTER

HON. RALPH J. PORZIO
J.S.C.

22